UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

EDWARD GARZA,

Petitioner,

v.

BRIAN WILLIAMS, et al.,

Respondents.

Case No. 2:18-cv-00995-GMN-PAL

ORDER

This habeas matter comes before the Court on consideration of petitioner's application to proceed *in forma pauperis* (ECF No. 1), petitioner's motion for appointment of counsel (ECF No. 2) and for initial review pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

After considering the application for pauper status, the Court finds that petitioner is able to pay the $5.00 filing fee. The application to proceed *in forma pauperis* will therefore be denied. Petitioner shall have thirty (30) days from entry of this order within which to have the filing fee of five dollars ($5.00) sent to the Clerk of Court.

Turning to the petition, Local Rule LSR 3-1 requires petitioner to file his petition on the court's required § 2254 petition form. Instead of complying with the local rule, petitioner used the petition form as a cover document and attached to it a lengthy legal memorandum—with extensive legal argument—filed in the state courts. Petitioner must use the required form to state his claims without incorporating other documents by reference and without extended legal argument and case citation. Petitioner therefore must file an amended petition using the required petition form to

allege the factual bases of his claims. He may add additional pages to the required petition form if he needs more space to state his claims.

Turning to petitioner's motion for appointment of counsel (ECF No. 2), there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

Petitioner argues that counsel should be appointed because: (1) he did not attend high school and "has essentially no education" (ECF No. 2 at 4); and (2) discovery will be required in this case and counsel is necessary to effectuate discovery. As to petitioner's first allegation, it appears that, based on the motion for appointment of counsel itself, petitioner can adequately raise the issues he wishes to address in these proceedings. Without more, the Court is not persuaded that petitioner is of such limited education as to be unable to represent himself. As to petitioner's second allegation, the Court's review of a 28 U.S.C. § 2254 petition pursuant to 28 U.S.C. § 2254(d) is generally limited to the record that was before the state courts. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). At this juncture the Court cannot determine whether circumstances exist in this case that would nonetheless justify a grant of discovery, and the Court will not appoint counsel based on a speculative possibility of discovery. Petitioner's motion for appointment of counsel will therefore be denied.

IT THEREFORE IS ORDERED that petitioner's application (ECF No. 1) to proceed *in forma pauperis* is DENIED and that petitioner shall pay the $5.00 filing fee within thirty (30) days of the date of entry of this order.

IT FURTHER IS ORDERED that the clerk of court shall file the petition, but petitioner must mail to the clerk for filing an amended petition using only the required petition form to state

his claim, without incorporating other documents, and without extensive legal argument and case citation, within thirty (30) days of the date of this order. Petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption, and he must place the docket number, 2:18-cv-00995-GMN-PAL, in the designated space above the word "AMENDED." Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the court. Any claims or allegations that are left out of the amended petition or that are not re-alleged will not be considered.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (ECF No. 2) is denied.

The Clerk of Court is directed to send petitioner two copies of a noncapital § 2254 form along with one copy each of the instructions for the form and petitioner's original petition. The Clerk shall further send petitioner two copies of this order. Petitioner shall make the necessary arrangements to have a copy of this order attached to the check for the filing fee.

Failure to timely comply with this order will result in the dismissal of this action without further advance notice.

DATED THIS __14__ day of ___June___ 2018.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE