UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

EDWARD GARZA,

          Petitioner,

v.

BRIAN WILLIAMS, et al.,

          Respondents.

Case No. 2:18-cv-00995-GMN-PAL

ORDER

This *pro se* habeas petition comes before the Court on consideration of petitioner's motion for reconsideration of the Court's order denying appointment of counsel (ECF No. 6), motion for leave to file excess pages (ECF No. 9), and for screening of the first amended petition (ECF No. 9-1).

Addressing first the petitioner's motion for reconsideration, petitioner has not established that he is unable to represent himself in these proceedings and demonstrates no other basis for the appointment of counsel. Importantly, petitioner has been able to file an amended petition that clearly sets forth his claims for relief. Accordingly, the petitioner's motion for reconsideration of the Court's order denying appointment of counsel will be denied.

Following review of the petition, the Court will direct service and a response.

IT THEREFORE IS ORDERED that petitioner's motion for reconsideration (ECF No. 6) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall FILE the amended petition (ECF No. 9-1).

1

IT IS FURTHER ORDERED that petitioner's motion for leave to file longer than usual petition (ECF No. 9) is DENIED as unnecessary.

IT IS FURTHER ORDERED that the Clerk shall add Nevada Attorney General Adam P. Laxalt as attorney for respondents and informally electronically serve the Nevada Attorney General with a copy of the petition and this order.

IT IS FURTHER ORDERED that respondents shall file a response to the petition, including potentially by motion to dismiss, within sixty (60) days of the date of entry of this order and that petitioner may file a reply thereto within thirty (30) days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

IT IS FURTHER ORDERED that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

IT IS FURTHER ORDERED, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that respondents shall file a set of state court exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

IT IS FURTHER ORDERED that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the court and any reviewing court thereafter will be able to

quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

IT IS SO ORDERED.

DATED THIS  23  day of   July   2018.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE