UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

EDWARD GARZA,

        Petitioner,

v.

BRIAN WILLIAMS, et al.,

        Respondents.

Case No. 2:18-cv-00995-GMN-BNW

**ORDER**

      This habeas matter is before the Court on Respondents' unopposed Motions for Enlargement of Time (ECF Nos. 46–47).

      When a party moves to extend a deadline before the original time expires and the stated reasons show good cause, the court may grant the extension. *See* Fed. R. Civ. P. 6(b); LR IA 6-1. The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). Good cause is shown if the deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

      Here, Respondents' motions seek a lengthy extension of time, until October 23, 2020, to file and serve a response to Petitioner Edward Garza's Second Amended Petition (ECF No. 40) and Motion for Discovery (ECF No. 44). A response to Garza's discovery motion is currently due July 15, 2020, and a response to the second amended petition is currently due August 31, 2020—extensions of 100 days and 53 days, respectively. As cause for the requests, counsel lists several upcoming deadlines in July—one of which passed on July 9th, as well as a two-day trial on September 13–14, 2020.[1]

      Good cause is shown to extend the response deadline for the discovery motion, but not for

---

[1] Notably, September 13, 2020, falls on a Sunday.

1

three months. No pending deadlines were listed for the month of August or for the five weeks after the trial until the requested deadline. Additionally, counsel has not shown good cause to extend the deadline to respond to the second amended petition. Counsel's affidavit does not represent, and the Court cannot infer, that the response deadline cannot be met despite the exercise of due diligence in the five weeks after the trial. Good cause requires more than opposing counsel's lack of opposition.

Furthermore, case management concerns in this case require robust justification moving forward. As explained in the last order (ECF No. 39), habeas actions are civil actions under federal practice and are subject to the reporting requirements of the Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq*. In accordance with the CJRA, the Court strives to posture each case for decision within three years of filing, although the procedural and legal complexity of some habeas actions may impede this objective. Lengthy habeas litigation is generally incompatible with the purposes served by the Antiterrorism and Effective Death Penalty Act ("AEDPA"): finality, efficiency, and comity.

Garza initiated this case *pro se* in June 2018. Based on the age of this case and lack of progress to date, this case is unlikely to be fully briefed and ready for merits consideration by June 2021. Moving forward counsel for both parties is required to prioritize the briefing in this case over later-filed matters. **Further extensions of time—even if unopposed—are not likely to be granted absent compelling circumstances and a strong showing of good cause why the briefing could not be completed within the extended time allowed despite the exercise of due diligence**.

IT IS THEREFORE ORDERED:

1. Respondents' Motion for Enlargement of Time (ECF No. 46) is **DENIED**. Respondents' deadline to respond to Garza's Second Amended Petition (ECF No. 40) remains August 31, 2020.

///

///

///

2. Respondents' Motion for Enlargement of Time (ECF No. 47) is **GRANTED IN PART AND DENIED IN PART**. Respondents deadline to respond to Garza's Motion for Discovery (ECF No. 44) is extended until August 31, 2020.

DATED: July 14, 2020

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE